UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH EDGAR DUNKIN,

    Plaintiff,

v.                                                   Case No. 5:09-cv-325-Oc-23GRJ

LT. PEREZ, et al.,

    Defendants.
_____/

## **ORDER DISMISSING CASE**

Joseph Dunkin, a federal prisoner proceeding pro se, filed this action in the United States District Court for the Northern District of Florida. (Doc. 1) The Northern District of Florida transferred the action to the Middle District of Florida because, the allegedly actionable incident occurred at FCC Coleman in the Middle District of Florida. (Doc. 65)

Dunkin proceeds on a second amended complaint (Doc. 23), which alleges that defendant Clairton[*] ordered defendant Perez to remove Dunkin from his cell, which was also occupied by inmate Brown. Dunkin alleges that he informed Perez and Clairton that Brown had a knife and intended to rape and kill Dunkin. Dunkin further alleges that Perez ignored the order and left Dunkin in the cell with Brown, which resulted in

---

[*] Perez notes the absence of service on Clairton. See Doc. 39 (envelope was returned with "addressee unknown"). Further, the BOP advises counsel that no person named "Clairton" is employed at FCC Coleman (Doc. 49, pg. 2).

Dunkin's suffering a broken jaw and, pperhaps, rape. Dunkin seeks $85,000 in damages.

Perez moves to dismiss (Doc. 49) for failure to exhaust administrative remedies, and Dunkin responds. (Doc. 54)

## **Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act provides that:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d at 1326).

The Bureau of Prisons (BOP) offers an inmate a three-level administrative remedy. An inmate begins by filing a "Request for Administrative Remedy" at the institution in which the inmate is incarcerated. If the inmate's request is denied, the

inmate may file a "Regional Administrative Remedy Appeal" with the BOP's Regional Office for the inmate's place of incarceration. (An appeal for an inmate at the Federal Correctional Complex in Coleman, Florida, is filed with the BOP's Southeast Regional Office in Atlanta, Georgia.) Finally, if the Regional Office denies relief, an inmate may appeal to the Office of General Counsel by a Central Office Administrative Remedy Appeal.

Dunkin has not exhausted the BOP administrative remedy. See Doc. 49, Ex. 3. Accordingly, Perez's motion to dismiss (Doc. 49) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall terminate any pending motion and enter judgment accordingly.

ORDERED in Tampa, Florida, on March 19, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc: Joseph Edgar Dunkin
    Counsel of Record